# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:07cr34

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | AMENDED |
| Vs. | ) | ORDER |
| | ) | |
| LARRY JAMES MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE came on to be heard before the undersigned on March 20, 2008 for the purpose of conducting a proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned was advised that the defendant had executed a plea agreement and that the undersigned should conduct a proceeding to determine whether or not to accept the plea of guilty of the defendant. At the Rule 11 proceeding, the defendant appeared with counsel and the Government appeared through the Assistant United States Attorney. At the beginning of the proceeding, counsel for the defendant advised the court that during the period of time from the return of the defendant from a mental capacity evaluation to the date of the Rule 11 proceeding on March 20, 2008, the defendant had not been receiving medications for the treatment of his psychological disabilities. The undersigned attempted to conduct the Rule 11 proceeding but discovered that the defendant was not able to understand the inquiry that was being made by the court. The undersigned then determined not

to accept the plea of guilty of the defendant and to perform a further investigation to determine if the defendant was being given his medications and if not, the reason why and to ensure that such medications as prescribed should now be given to the defendant in the amounts as prescribed so that further proceedings could be conducted.

The undersigned has determined from an examination of the sealed documents, including the information contained in a report dated January 3, 2008, that being the report of the examination of the defendant, that it was the recommendation of Elissa R. Miller, acting Chief Psychologist, and William J. Ryan, Forensic Psychologist of the United States Department of Justice, Federal Bureau of Prisons, Metropolitan Correctional Center of New York, New York, that "it is strongly recommended that Mr. Miller continue to receive psychotropic medication management of his mood symptoms".

After the undersigned had determined not to proceed further with the Rule 11 proceeding, the court was advised that the United States Marshal Service had never received any medical records of the defendant, nor had the United States Marshal Service received any prescriptions for medications to be provided to the defendant. As a result, the United States Marshal Service did not know what medications should be provided and in what amounts.

The undersigned will now attempt to make inquiry to determine: 1) If the defendant has been receiving or not receiving the medications as recommended; 2) If the defendant has not been receiving his medications, the reason why such medications were not administered; and 3) What can be done to insure that the United States Marshal Service is provided with the records of treatment of the defendant and further, provided with information necessary for the United States Marshal Service to be able to provide the defendant with his prescription medications.

Based upon the foregoing, the undersigned has determined to enter an order scheduling this matter for further hearings on April 4, 2008 at 9:30 o'clock a.m. in Courtroom #2 in the United States Courthouse in Asheville, North Carolina. The purpose of this hearing will be to determine the answer to the above referenced questions. The defendant, his counsel and Lee Banks, Supervising Deputy United States Marshal, are required to be present.

It is the opinion of the court that defendant's counsel and Deputy Banks should communicate with each other before the hearing and not later than April 1, 2008 concerning these issues. If defendant and his counsel could execute appropriate releases in favor of either Deputy Banks or the United States Marshal Service so that the report of the mental examination of the defendant could be provided to Deputy Marshal Banks and if defendant and his counsel could further execute such releases

as would enable Deputy Marshal Banks to obtain the prescription information from Chief Psychologist Miller and Forensic Psychologist Ryan, then it may be that the medications may be obtained and provided to the defendant. If so, then the hearing in this matter could be avoided.

## ORDER

IT IS, THEREFORE, **ORDERED** as follows:

1. That the court, at this time, declines to accept the plea of guilty of the defendant.

2. That a hearing be set for Friday, April 4, 2008 at 9:30 o'clock a.m. and it is **ORDERED** that the following persons be present:

   a) The defendant's attorney;

   b) The defendant;

   c) The Assistant United States Attorney; and

   d) Lee Banks, Supervising Deputy United States Marshal.

3. At the hearing, the court shall make inquiry as to the following issues:

   a) If the defendant has been receiving or not receiving the medications as recommended;

   b) If the defendant has not been receiving his medications, the reason

why such medications were not administered;

c) What can be done to insure that the United States Marshal Service is provided with records and information necessary for the Marshals to be able to provide the defendant with his prescribed medications.

4. It is ORDERED that defendant's counsel and Deputy Marshal Banks communicate with each other on or before April 1, 2008 to see if the issues and concerns of the court in this matter can be resolved. If they can be resolved without court action, then defense counsel and Deputy Banks are to contact the office of the court so that the hearing in this matter may be cancelled.

5. That this matter will preliminarily be set for further proceedings on May 16, 2008 in Bryson City, North Carolina to determine whether or not to go forward with the Rule 11 proceeding in this matter.

Signed: March 27, 2008

Dennis L. Howell
United States Magistrate Judge